ALMIRA C. NORTON, et als.,

Appellants from Decree of Judge of Probate in re Last
Will and Testament of·Susan York.

Cumberland.    Opinion October 23, 1917.

*Wills.    Burden of proof showing testamentary capacity.    Burden of proving undue
influence.    Acts of kindness or attention, diminishing another
legacy as bearing on the question of undue influence.*

This is an appeal from a decree of the Judge of Probate for the County of Cumber-
land admitting to probate the last will and testament of Susan York, late of
Brunswick, in the County of Cumberland, and is before the court on report.

*Held:*

1.    Here, as in the Probate Court, the burden is on the proponent to show mental
capacity, and we are of the opinion that the proponent has sustained the burden.

2.    The contestants rely largely upon the ground taken by them that the execu-
tion of the will was procured by undue influence, and the law casts upon them
the burden of proving that allegation in their reasons of appeal.

3.    Acts of kindness and courteous attention are not undue influence.    Diminish-
ing another legacy, or changing the amount for care of the lot in the cemetery,
has no tendency to prove undue influence in the absence of evidence of other
acts sufficient, in connection with that named, to overcome the volition and
free agency of the testatrix.

4.    From all the evidence we are of the opinion that the will and the provision in
favor of Dr. Foss were not procured by undue influence exercised by him, or by
others for him, upon the testatrix.

Appeal from a decree of the Judge of Probate, of Cumberland
County, State of Maine, allowing the last will and testament of Susan
York, late of Brunswick.    The appeal and reasons for appeal were
duly filed in the Supreme Court of Probate, and by agreement of
parties the case was reported to the Law Court for decision on the
questions raised in said appeal upon so much of the evidence as is
legally admissible.    Judgment in accordance with opinion.

The case is stated in the opinion.

*Joseph H. Rousseau, and Frederic J. Laughlin,* for proponents.

*A. M. Spear, and Clarence E. Sawyer,* for appellants.

SITTING:   CORNISH, C. J., KING, BIRD, HANSON, MADIGAN, JJ.

HANSON, J.   This is an appeal from a decree of the Judge of Probate for the County of Cumberland admitting to probate the last will and testament of Susan York, late of Brunswick, in the County of Cumberland, and is before the court on report.   The contestants filed the following reasons of appeal:

1.   That the alleged will was not duly executed.

2.   That said deceased was not of testamentary capacity at the time of executing said will.

3.   That the execution of said will was procured by undue influence.

4.   That said execution of said will was induced and procured by misleading statements and a misunderstanding of the facts.

5.   That said instrument does not express the last will of the deceased.

The testatrix, after making provision for a lot in Pine Grove Cemetery, made several bequests in money and jewelry to friends and lodges, and one dollar each to the contestants, bequeathed $500. to her executor, and the residue of her estate, about $8,000., to Dr. Clarence W. P. Foss, an acquaintance of many years, who was her attending physician.

The record discloses that the testatrix since 1911 had made three wills, the will under consideration having been made in September, 1915, two months prior to her death.   In the first will the testatrix made similar provision for the care of the cemetery lot, and after making various small bequests, bequeathed to one of the attorneys for the contestants, who was not related to her, the residue of her estate in amount substantially the same as in the last will.   In her second will, after making substantially the same smaller bequests, the testarix gave the residue of her estate in trust to her executor, who was also named a trustee, the income of said residue to be paid semi-annually to her heirs at law.   This will was made January 29, 1915. Mr. Hall, the executor named in the second will, was named executor in the last will, and it appears that Mr. Hall met Dr. Foss for the first time on or about the date of the last will.

1.   The contestants do not now contend that the will was not duly executed.

2.   Here, as in the Probate Court, the burden is on the proponent to show mental capacity, and we are of the opinion that the proponent has sustained the burden.

3.   The contestants rely largely upon the ground taken by them that the execution of the will was procured by undue influence, and the law casts upon them the burden of proving that allegation in their reasons of appeal.

The record contains nearly six hundred pages, the larger portion of which, on the part of the contestants, is devoted to testimony tending to sustain their theory that Dr. Foss, during his visits at the house of the testatrix from June to September, 1915, unduly influenced Mrs. York to execute a will in his favor.   We have examined the record carefully and find that the contestants have failed to sustain the proposition asserted by them by a preponderance of all the evidence. The testimony discloses that during the progress of the disease for which he was treating the testatrix he brought to her sick room on one or more occasions delicacies demanded by her condition, that his bearing in the sick room was friendly and courteous, that his visits were always of short duration, and that the final disposition of her property was as much a surprise to him as to others.   But acts of kindness and courteous attention are not undue influence.   Diminishing another legacy, or changing the amount for care of the lot in the cemetery, has no tendency to prove undue influence in the absence of evidence, of other acts sufficient, in connection with that named, to overcome the volition and free agency of the testatrix.   The case does not show any opportunity on the part of Dr. Foss to carry out the purpose unduly to influence Mrs. York.   He was seldom if ever alone with her.   Her illness required the presence of a nurse, and during his attendance three different nurses were employed, all of whom testify in the case to a course of conduct on the part of Dr. Foss characterized by uniform kindness and entirely in keeping with the highest professional ethics.   From their testimony it not only appears that he had no opportunity unduly to influence the testatrix, but that he made no attempt to do so.   That the testatrix selected the proponent as her residuary legatee is not evidence of undue influence.   She had made a similar will three years before, naming a friend and not a relative as principal legatee; she had made another will, and again a

codicil thereto, in each instance withholding from her relatives the property which she did not intend they should have, and no suggestion enters the case that in all those acts she was of unsound mind or unduly influenced. She had a reason, which the case shows to be good and sufficient, for diverting her property into other channels. That she had a legal right to do as she did in each case in the absence of undue influence is not denied.

Reasons 4 and 5, so far as they are supported, are comprehended in the foregoing.

From all the evidence we are of the opinion that the will and the provision in favor of Dr. Foss were not procured by undue influence exercised by him, or by others for him, upon the testatrix.

The entry will be,

*Appeal dismissed with costs for proponent.*
*Decree of the Judge of Probate affirmed.*